UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| JANE DOE, ET AL | CIVIL DOCKET NO. 6:21-CV-00430 |
| VERSUS | JUDGE DAVID C. JOSEPH |
| EDOUARD d'ESPALUNGUE d'ARROS | MAGISTRATE JUDGE CAROL B. WHITEHURST |

### ORDER

Before the Court is Plaintiffs' MOTION FOR RECONSIDERATION (the "Motion") [Doc. 60] of this Court's prior MEMORANDUM ORDER [Doc. 56] finding that Plaintiffs, Jane Doe and her parents, John Doe and Mary Doe, failed to effect lawful service of process on the Defendant, Edouard d'Espalungue d'Arros and declining to enter default judgment.

In support of their request, Plaintiffs urge the Court to consider new legal bases upon which the Court may find service of process and attach additional documentary evidence related to their efforts to serve the Defendant. Plaintiffs further urge the Court to: (i) reinstate the Clerk of Court's July 6, 2022, Entry of Default [Doc. 13] vacated in the Court's prior Memorandum Order [Doc. 56]; and (ii) enter a default judgment matter based on evidence submitted during an evidentiary hearing held by the Court on October 12-13, 2022. [Docs. 21 - 24].

The Court referred Plaintiffs' new argument and evidence alleging service of process to the Magistrate Judge to make a finding as to whether service has been properly effected and, if so, when. [Doc. 61]. The Magistrate Judge, for the reasons stated therein, entered an Order finding that service of process was perfected on July

19, 2022, and directed the Clerk of Court to enter a Notice of Default as of October 18, 2022. *Id.* The Magistrate Judge also authorized service by email on the Defendant for any future pleadings. *Id.*

In consideration of the Magistrate Judge's findings, Plaintiffs' Motion for Evidentiary Hearing and Default Judgment [Doc. 14] and the corresponding evidentiary hearing occurred before default had been lawfully entered by the Clerk of Court. Given the procedural requirements of Rule 55 and procedural due process concerns, the Court declines – without more – to now enter judgment based on proceedings taking place prior to the Clerk's Rule 55(a) Entry of Default.

IT IS THEREFORE ORDERED that Plaintiffs' MOTION FOR RECONSIDERATION [Doc. 60] is GRANTED, in part and DENIED, in part. Plaintiffs request that the Court enter default judgment is DENIED at this time. However, Plaintiffs may re-file a motion for entry of default judgment under Rule 55(b). The Court will thereafter – upon sufficient notice to the Defendant – set a show cause hearing as to why the testimony and evidence previously taken at the Court's October 12-13, 2022, evidentiary hearing should not be considered by the Court in support of default judgment.

IT IS FURTHER ORDERED that this Order and all subsequent filings shall be served on the Defendant via email by the Clerk of Court.

THUS, DONE AND SIGNED in Chambers on this 18th day of August 2023.

                                                          _____
                                                          DAVID C. JOSEPH
                                                          UNITED STATES DISTRICT JUDGE