# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JANE DOE, et al** | * | **NO. 6:21-cv-00430-DCJ-CBW** |
| **vs.** | * | **JUDGE DAVID C. JOSEPH** |
| **EDOUARD d'ESPALUNGUE d'ARROS** | * | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

### PLAINTIFFS' PARTIAL APPEAL OF NON-DISPOSITIVE RULINGS BY U. S. MAGISTRATE JUDGE (R. DOCS 62 AND 63)

Pursuant to F.R.C.P. 72(a)[1] and Local Rule 74.1,[2] Plaintiffs hereby partially appeal certain findings and conclusions contained in the Magistrate Judge's Memorandum Ruling and Order entered August 14, 2023 (Doc. 62) and the Revised Memorandum Ruling and Order entered August 17, 2023 (Doc. 63).

---

[1] F.R.C.P. 72(a) states as follows:

> (a) NONDISPOSITIVE MATTERS. When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

[2] Local Rule 74.1 **Method of Appeal** states:

> **A. Appeal of Non-dispositive Matters**. A party may appeal from a magistrate judge's order by filing with the clerk of court, within 14 days after being served with a copy of the order, a written statement of appeal specifically designating the order or part thereof appealed from, the basis for the objection, and a written memorandum in support thereof. A copy of the appeal shall be served on the magistrate judge and all parties. The time period allowed for appeal may be modified by the magistrate judge or district judge. A motion to modify or extend the time to file an appeal of a magistrate's order shall be accompanied either by a certificate by the movant that there is or is not opposition to the request or a statement of the efforts made by the movant to determine whether or not there is opposition in compliance with LR7.9. The district judge shall consider the appeal and set aside any portion of the order found to be clearly erroneous or contrary to law. The district judge may also reconsider sua sponte any matter determined by a magistrate judge under this rule.

## I. Background

The prior procedural history was outlined in the Court's Memorandum Order of June 27, 2023, which Plaintiffs adopt here. (Doc. 56, pp. 2-7). In that Order, the Court concluded that plaintiffs had failed to properly effectuate service of process on the Defendant. Accordingly, the Court vacated the Clerk's Notice of Entry of Default (Doc. 13) and denied Plaintiffs' Motion for Evidentiary Hearing and Default Judgment (Doc. 14). Plaintiffs were granted "90 additional days to effect proper service or otherwise demonstrate continued reasonable diligence in attempting to serve the Defendant." (Doc. 56, p. 21).

On August 7, 2023, Plaintiffs filed a *Motion for Reconsideration, to Supplement the Record, and for Issuance of an Order Nunc Pro Tunc Declaring Service Valid* (Doc. 60) with sixteen exhibits providing credible evidence that on February 23, 2021, one day after this suit was filed, a copy of the complaint and summons was served upon Defendant's attorney in Alexandria; that after Defendant's attorney claimed he was "unauthorized" to accept service, plaintiffs attempted to serve Defendant under the Hague Convention; that Plaintiffs retained Ancillary Legal Services to assist with translation of the documents and service of process in France; that a certified copy of the complaint and summons and a French translation of those documents was delivered to the French Central Authority, the Ministère de la Justice; that the Ministère delivered the documents to police officers in Paris who spoke to Defendant on multiple occasions and arranged three separate meetings with Defendant for delivery of the service documents; that Defendant failed to appear at all three meetings without justification; that on dozens of occasions between July 2022 and July 2023, Plaintiffs and this Court mailed and emailed copies of various pleadings and court documents to Defendant and his attorneys at known addresses; that of the 9 emails sent to Defendant only one bounced back, seven did not

bounce back, and one was confirmed delivered; that of the 5 emails sent to Defendant's attorneys, four were confirmed delivered and only one was bounced due to an inadvertent format error in the email address; that Defendant had actual as well as "due process" notice of these proceedings by mail, email and publication; and that Defendant's response was to purposefully abscond, intentionally evade service with the help of his family, and obdurately ignore this suit.

On August 8, 2023, the district judge transferred the motion for reconsideration to the Magistrate Judge "for the limited purpose of making a finding as to whether service of process has been effected on the defendant." (Docket Entry of August 8, 2023).

The Magistrate Judge thereafter issued two Memorandum Rulings and Orders. Both were narrowly limited in scope to whether service of process had been effected by mail or email.[3] In the first ruling entered August 14, 2023, the Magistrate Judge found *sua sponte* that Defendant had been served by mail under the Hague Convention via the Louisiana long-arm statute when the Clerk of Court, on July 19, 2022, "sent the pleadings (including the French-translated complaint as incorporated in Plaintiffs' motion for default) by International Registered Mail to Defendant at each of two addresses." (Doc. 62, p. 5).[4] The Magistrate Judge also found that "Plaintiffs have submitted sufficient evidence that d'Espalungue knew about this lawsuit and has been avoiding service;" that "Defendant's counsel of record in related state criminal proceedings was aware of this civil suit;" and that Plaintiffs had "more than diligently attempted to serve d'Espalungue who has nonetheless continued to evade service." (*Id.* pp. 6, 10). She concluded

---

[3] Doc. 62, p. 3; Doc. 63, p. 3 ("Plaintiffs submit evidence that the relevant pleadings have been properly served either by mail or email.").
[4] The Magistrate Judge also noted that Plaintiffs had emailed English and French copies of the complaint to six different email addresses on July 12, 2023. (Doc. 62, p. 9). The Magistrate Judge stated this was "three months before the default hearing," but as the record shows, this was in fact nine months after the default hearing. (Doc. 62, p. 9; Doc. 63, p. 9). As the Court noted, however, these emails were sent out of an abundance of caution after the Court vacated the default and gave Plaintiffs 90 additional days to effect service or demonstrate "continued reasonable diligence." Plaintiffs maintain that service of process was effected on the defendant's attorney on February 21, 2021, and should be deemed valid as alternative service *nunc pro tunc* under Rule 4(f)(3).

that Plaintiffs had properly served Defendant "either by mail under the Hague Convention or by email under Rule 4(f)(3)," and entered a ruling that "service on Defendant is hereby deemed valid under Rule 4(f)(3) of the Federal Rules of Civil Procedure." (*Id*., p. 10).

On August 17, 2023, the Magistrate Judge entered a Revised Memorandum Ruling and Order clarifying that the date on which service was perfected was July 19, 2022, the date on which the Clerk of Court mailed the two packages of documents to the Defendant via International Registered Mail. The Magistrate Judge found that "d'Espalungue has been properly served by mail under the Hague Convention" via the Louisiana long-arm statute and entered an order that "service on the Defendant is hereby deemed valid under Rule 4(f)(3) of the Federal Rules of Civil Procedure as of July 19, 2022." (Doc. 63, p.12). The Magistrate Judge ordered the Clerk of Court to enter a notice of default retroactive to October 18, 2022.

On August 18, 2023, the Court entered an Order based upon the Magistrate Judge's findings and conclusions but prior to Plaintiffs having an opportunity to file objections as permitted under F.R.C.P. 72(a) and Local Rule 74.1. Like the Magistrate Judge, the court limited its review to service by mail and email and did not address the issue of service of process on Defendant's attorney under Rule 4(f)(3). The Court denied Plaintiffs' request for entry of a default judgment, stating:

> In consideration of the Magistrate Judge's findings, Plaintiffs' Motion for Evidentiary Hearing and Default Judgment [Doc. 14] and the corresponding evidentiary hearing occurred before default had been lawfully entered by the Clerk of Court. Given the procedural requirements of Rule 55 and procedural due process concerns, the Court declines – without more – to now enter judgment based on proceedings taking place prior to the Clerk's Rule 55(a) Entry of Default.
>
> IT IS THEREFORE ORDERED that Plaintiffs' MOTION FOR RECONSIDERATION [Doc. 60] is GRANTED, in part and DENIED, in part. Plaintiffs request that the Court enter default judgment is DENIED at this time. However, Plaintiffs may refile a motion for entry of default judgment under Rule

4

> 55(b). The Court will thereafter – upon sufficient notice to the Defendant – set a show cause hearing as to why the testimony and evidence previously taken at the Court's October 12-13, 2022, evidentiary hearing should not be considered by the Court in support of default judgment.

Doc. 66, p. 2.

## II. Standard of Review

Federal Rule of Civil Procedure 72(a) provides that a party may file objections to a magistrate judge's ruling on non-dispositive matters and that "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."

## III. Assignments of Error

Plaintiffs concur with most of the Magistrate Judge's findings and conclusions and agree that service of process was made on the Defendant, just not on the date and in the manner found by the Magistrate Judge. Even though the Magistrate Judge's findings are somewhat favorable, as officers of the court, Plaintiffs' counsel must point out that no copy of the complaint, either in English or in French, was included in the Clerk of Court's two mailings to the Defendant on July 19, 2022. Accordingly, the Magistrate Judge's *sua sponte* finding that service of process had been effected via Louisiana's long-arm statute was based upon clear factual error.

Secondly, Plaintiffs object to the narrow scope of the Magistrate Judge's review, which addressed only service of process via mail and/or email. Omitted from consideration was Plaintiffs' key argument that under the particular facts and circumstances of this case, service of process on Defendant's state-side attorney on February 23, 2021, should be deemed valid *nunc*

*pro tunc* as alternative service pursuant to F.R.C.P. 4(f)(3) and the extensive relevant case law cited in Plaintiffs' memorandum.[5]

### IV. Argument

*Louisiana's long-arm statute.*

The Magistrate Judge found *sua sponte* that d'Espalungue was properly served by mail under the Hague Convention via the Louisiana long-arm statute when the Clerk of court mailed documents to Defendant on July 19, 2022. The court stated:

> *** At Plaintiffs' request and pursuant to court order, on July 19, 2022, the Clerk of Court sent the pleadings (*including the French-translated complaint as incorporated in Plaintiffs' motion for default*) by International Registered Mail to Defendant at each of two addresses. (Rec. Doc. 17; 18). Both were returned as "unclaimed recorded delivery." (Rec. Doc. 19; 25).

(Doc. 63, p. 5, emphasis supplied). While this finding is favorable to Plaintiffs, unfortunately, it is based upon a clear factual error. The complaint was not included in the Clerk's mailings on July 19, 2022. (See Doc. 17, Order for International Mail of Docs. 12, 12-1, 12-2, 13, and 15). This is unequivocally confirmed by a review of the scanned contents of the Clerk's two 40-page mailings upon their return. (Docs. 19, 25). What was included was a copy of the official file and certification, in French, from the Ministère de la Justice in Paris, showing that Defendant had evaded service of process on three occasions (Doc. 12-2). The complaint was not part of that document.

---

[5] Neither did the Court address this issue in its Order filed August 18, 2023. The Court entered this Order based upon the Magistrate Judge's findings and conclusions four days after the Magistrate Judge's initial ruling and one day after her revised ruling. However, under F.R.C.P. 72(a) and Local Rule 74.1, Plaintiffs have 14 days to file objections to any ruling by a magistrate judge on a non-dispositive motion. Plaintiffs filed for and were granted an extension until September 1, 2023 (14 days after the second ruling), to file objections to the two rulings by the Magistrate Judge (Doc. 67) and therefore Plaintiffs assume the Court will consider this appeal before a final ruling.

Service under Louisiana's long-arm statute applies only to certified mail of the citation and petition under La. Stat. Ann. § 13:3204(A).[6] Since neither were included in the July 19, 2022, mailing, service under Louisiana's long-arm statute did not occur.

*Scope of Review*

Plaintiffs object to the narrow scope of the Magistrate Judge's review, which addressed only service of process via mail and/or email. Omitted from consideration was Plaintiffs' key argument that under the particular facts and circumstances of this case, service of process on Defendant's attorney on February 23, 2021, should be deemed valid *nunc pro tunc* as alternative service pursuant to F.R.C.P. 4(f)(3) and extensive relevant case law cited in Plaintiffs' memorandum.

The first twelve pages of Plaintiffs' memorandum in support of the motion for reconsideration address at length the operative facts and supporting legal authorities for deeming valid the service of process made on Defendant's state-side attorney on February 23, 2021, one day after this suit was filed, pursuant to Rule 4(f)(3). (Doc. 60-1, pp. *9-20). These arguments will not be repeated in full here. Plaintiffs will simply point out that counsel has found no reported case in which the facts and circumstances presented weigh more heavily in favor of a *nunc pro tunc* order validating service "by other means" under Rule 4(f)(3) than in the instant case.

---

[6] La. Stat. Ann. § 13:3204(A) states:

> In a suit under R.S. 13:3201, a certified copy of the citation or the notice in a divorce under Civil Code Article 102 and of the petition or a certified copy of a contradictory motion, rule to show cause, or other pleading filed by the plaintiff in a summary proceeding under Code of Civil Procedure Article 2592 shall be sent by counsel for the plaintiff, or by the plaintiff if not represented by counsel, to the defendant by registered or certified mail, or actually delivered to the defendant by commercial courier, when the person to be served is located outside of this state or by an individual designated by the court in which the suit is filed, or by one authorized by the law of the place where the service is made to serve the process of any of its courts of general, limited, or small claims jurisdiction.

7

Seeking a *nunc pro tunc* order does not mean that counsel erred by failing to file an earlier motion for alternative service under Rule 4(f)(3). While some courts have stated that service under Rule 4(f)(3) stands on equal footing with service under the Hague Convention under Rule 4(f)(1), others have held service under the Hague Convention, where available, is mandatory, citing the Advisory Committee notes to Rule 4, which state that "[u]se of the Convention procedures, when available, is mandatory if documents must be transmitted abroad to effect service." Rule 4 Notes, subdivision (f)(1). Under this more persuasive view, it is only after service under the Hague Convention fails that a plaintiff may seek service "by other means" under Rule 4(f)(3).

Plaintiffs' first attempt to serve process was not under Rule 4 at all. Rule 4 only governs service of process on foreign defendants. Although Defendant had already absconded to France, Plaintiffs had reason to believe Defendant might be present in Alexandria on February 23, 2021, the date on which the grand jury met and ultimately indicted him for rape. Defendant's own emails to the court show that he wished to testify before the grand jury, albeit electronically. (Doc. 58-10, p.2). When the process server did not find the Defendant in Alexandria, Plaintiffs directed the process server to serve the complaint and summons on Defendant's attorney. Plaintiffs had no reason at that time to consider this "alternative service" under Rule 4(f)(3). It was only after Defendant's Alexandria attorney claimed he was "unauthorized" to accept service that Plaintiffs turned to Rule 4. At that point, Plaintiffs had no recourse but to use the Hague Convention procedures which applied to France. It is only in retrospect, now that we have seen Defendant's extensive — and thus far quite successful — efforts at evading service of process that it is appropriate to ask the Court to validate prior service of process on Defendant's attorney, effective retroactively.

As previously briefed, service of process on a foreign defendant's "unauthorized" state-side attorney may be ordered under Rule 4(f)(3) in appropriate circumstances. *F. Fin. Grp., LLC v. President, Fellows of Harvard Coll.*, 199 F.R.D. 22, 25 (D. Me. 2001)(after defendant evaded service in Russia the court concluded service on his New York attorney "is likely to fulfill the due process requirement of being reasonably calculated to give Hay notice of the case and an opportunity to be heard"); *In re Chinese-Manufactured Drywall Prod. Liab. Litig.*, No. CV 09-02047, 2015 WL 13387769, at *5 (E.D. La. Nov. 9, 2015); *Knit With v. Knitting Fever, Inc.*, Nos. 08–4221, 08–4775, 2010 WL 4977944, at *4 (E.D. Pa. Dec. 7, 2010) ("Repeatedly, courts around the country have found that service upon a foreign defendant through counsel is appropriate 'to prevent further delays in litigation.'")(quoting *LG Elecs., Inc. v. Asko Appliances, Inc.,* No. 08–828, 2009 WL 1811098, at *4 (D. Del. June 23, 2009)); *RSM Prod. Corp. v. Fridman,* No. 06 Civ. 11512(DLC), 2007 WL 2295907, at *3 (S.D.N.Y. Aug. 10, 2007)("The Hague Service Convention does not prohibit an order pursuant to Rule 4(f)(3) permitting service through American counsel.").

Courts have approved the entry of *nunc pro tunc* orders under Rule 4 when to do otherwise would be a violation of Rule 1 of the Federal Rules of Civil Procedure that instructs that the Rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed.R.Civ.P. 1. See *Marks v. Alfa Grp.*, 615 F. Supp. 2d 375, 380 (E.D. Pa. 2009); *Exp.-Imp. Bank of U.S. v. Asia Pulp Paper Co., Ltd.*, No. 03-8554, 2005 WL 1123755 at *4 (S.D.N.Y. May 11, 2005); *Lewis v. Dimeo Const. Co*., No. 14–10492, 41 F.Supp.3d 108, 2014 WL 4244330 (D.Mass. Aug. 26, 2014); *Igloo Products Corp. v. Thai Welltex International Co., Ltd.,* 379 F.Supp.2d 18, 19 (D.Mass.2005); *Zond, LLC v. Fujitsu Semiconductor Ltd.*, 53 F. Supp. 3d 394, 397, fn.4 (D. Mass. 2014).

## V. Conclusion

For the foregoing reasons, Plaintiffs respectfully request that the Court enter an order finding that service of process was effected on Defendant on February 23, 2021, through Defendant's Louisiana attorney; and that the particular facts and circumstances of this case justify entry of a *nunc pro tunc* order declaring this service valid under Rule 4(f)(3) in accordance with relevant legal authorities.

Plaintiffs further request that the Court reinstate the Clerk's Notice of Entry of Default on July 6, 2022, and that the Court proceed to enter a judgment in favor of Plaintiffs.

Respectfully submitted,

**MILDRED E. METHVIN, LLC**
s/ *Mildred E. Methvin*
Mildred E. Methvin (#14619) T.A.
7414 Sardonyx St.
New Orleans, LA 70124
T: 337-501-1055
F: 888-298-0566
Email: memethvin@gmail.com

**DOMENGEAUX, WRIGHT, ROY & EDWARDS, LLC.**
s/ *Elwood C. Stevens, Jr.*
Elwood C. Stevens, Jr. (#12,459)
Jefferson Towers, Suite 500
556 Jefferson Street
Lafayette, LA 70501
T: (337) 233-3033
F: (337) 232-8213
Email: elwoods@wrightroy.com
**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that August 29, 2023, a copy of this pleading was sent to U. S. Magistrate Judge Carol D. Whitehurst and to the Defendant via email at ed.eda@gmx.com; edouard.dsp@outlook.com; d98891570@gmail.com; and edouarddespalungue@gmail.com.

                                                        */s/ Elwood C. Stevens, Jr.*