UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **JANE DOE ET AL** | **CASE NO.  6:21-CV-00430** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **DESPALUNGUE DARROS** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

### MEMORANDUM ORDER

Before the Court is Plaintiffs' Partial Appeal of Non-Dispositive Rulings (Rec. Doc. 70) referred to the undersigned for reconsideration of the Court's previous Memorandum Rulings (Rec. Doc. 62 and 63) regarding Plaintiffs' service on Defendant, Edouard Espalungue, a citizen of France. Plaintiffs' counsel have needlessly created a confusing record. In further illustration thereof, Plaintiffs agree with this Court's finding that service was proper but disagree with the date and manner of service. Plaintiffs assert 1) this Court's finding of proper service was based on clear factual error; and 2) that service was properly effected upon Defendant's attorney on February 23, 2021. In an effort to unravel the knot of counsel's creation, the Court establishes the following timeline:

- February 23, 2021 – Plaintiffs "served" a copy of the complaint through private process server on Defendant's criminal defense attorney, Mike Small, on February 23, 2021. The Court assumes the documents had not yet been translated into French, because the record indicates translation was not complete until July 19, 2021. (Rec. Doc. 6-1, ¶6). Mr. Small responded to

- Plaintiffs' counsel stating that he did not represent Defendant in any civil matter and had no authority to accept service on his behalf. (Rec. Doc. 60-4).

- June 16, 2022 – Plaintiffs' counsel certified that "Plaintiff has made efforts to serve defendant with a copy of the complaint, translated into French, under the terms of the Hague Convention. A copy of the official file and certification from the Ministere de la Justice in Paris is attached as Exhibit 1 to this Affidavit." (Rec. Doc. 12-1, ¶11). Plaintiffs' counsel included a copy of the "official file and certification" as Exhibit 1 to the affidavit. (Rec. Doc. 12-2). See also affidavit of Foss Baker, attesting that France's Central Authority received the French translated documents on July 22, 2022. (Rec. Doc. 6-1, ¶6). The Clerk of Court entered default the same day. (Rec. Doc. 13).

- July 18, 2022 – This Court ordered the Clerk of Court to send via International Registered Mail the entry of default (Rec. Doc. 13), Request/Motion for Entry of Default (Rec. Doc. 12), Plaintiff's counsel's affidavit (Rec. Doc. 12-1), and Exhibit 1 to the affidavit (which Plaintiff's counsel indicated included a copy of the French translated complaint) (Rec. Doc. 12-2), and the order setting evidentiary hearing. (Rec. Doc. 17).

- July 19, 2022 – The Clerk of Court sent the foregoing documents as ordered. (Rec. Doc. 18). As this Court previously found, all documents sent to Defendant were returned as unclaimed.

This Court previously held that Plaintiffs had properly served Defendant as of July 19, 2022, the date on which the Clerk of Court sent a copy of French translated documents by International Registered Mail to Defendant's address in France. (Rec. Doc. 63). Plaintiffs now dispute their counsel's prior statement indicating that the French-translated complaint was included in the Clerk of Court's July 19, 2022 mailing. Unable to read the French documents at Rec. 12-2, this Court interpreted Plaintiffs' counsel's affidavit at Rec. 12-1 as an affirmative statement that the attached documents included the complaint. Indeed, Plaintiffs were not entitled to

entry of default absent evidence that the defendant had failed to plead or otherwise defend. F.R.C.P. Rule 55(a). Implicit in Rule 55(a) is the requirement that the defendant has been properly served with the original pleadings.

The Clerk of Court sent the documents included in Plaintiffs' motion for entry of default (Rec. Doc. 12, 12-1, and 12-2) to Defendant by International Registered Mail. Plaintiffs' counsel now state that the French documents at Rec. Doc. 12-2 did not actually include the complaint. (See Rec. Doc. 70, p. 5-7.) Plaintiffs' counsel's failure to include the complaint in the service documents for the motion for default unravels this Court's finding that service was proper, because the Court's finding was predicated upon Plaintiffs' counsel's indication that the French complaint was included in all documents later sent by mail and email. Otherwise, Plaintiffs' July 12, 2023 (post-evidentiary hearing) emails to Defendant at various addresses are the only indication (other than purported service on Defendant's criminal attorney, discussed below) that Plaintiffs sent a copy of the original complaint and summons to Defendant. (Rec. Doc. 60-8, p. 5; 17-22). When service under the Hague Convention could not be accomplished, Plaintiffs were obligated to seek alternative service, which they now do *post hoc*.

Because Plaintiffs' counsel led this Court to interpret that the French complaint had been included in the motion for default documents at Rec. Doc. 12-1 and 12-2 and now state that the representation was inaccurate, Plaintiffs must rely

on purported service on Mr. Small in February 2021, as that was the only other attempted service of the original complaint in French.

As discussed in the Court's previous ruling regarding service by email, F.R.C.P. Rule 4(f)(3) permits service on foreign defendants by methods alternative to those authorized by the Hague Convention. (See discussion at Rec. Doc. 63, p. 8). Plaintiffs request the Court to retroactively authorize service on Mr. Small. The Court declines to do so. Plaintiffs presented no evidence that the complaint was served on Mr. Small in French, and Mr. Small explicitly stated he was not authorized to accept service on behalf of Espalungue. Further, given the ample evidence of Espalungue's evasion of service, this Court has already authorized service by email. (See Rec. Doc. 63). Accordingly, the Court orders as follows:

IT IS ORDERED that the Court's prior Memorandum Order (Rec. Doc. 62) and Revised Memorandum Ruling and Order (Rec. Doc. 63) are VACATED.

IT IS FURTHER ORDERED that the Clerk of Court's entry of default (Rec. Doc. 64) is VACATED.

IT IS FURTHER ORDERED that Plaintiffs shall serve Defendant with the French translated complaint and summons by email as authorized by F.R.C.P. Rule 4(f)(3). Plaintiffs may seek an entry of default after the pertinent time delays have elapsed.

IT IS FURTHER ORDERED that service by email and by International Registered Mail is hereby authorized for all future pleadings pursuant to F.R.C.P. Rule 4(f)(3).

Signed at Lafayette, Louisiana on this 8th day of September, 2023.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE