UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JANE DOE, et al | * | NO. 6:21-cv-00430-DCJ-CBW |
| vs. | * | JUDGE DAVID C. JOSEPH |
| EDOUARD d'ESPALUNGUE d'ARROS | * | MAGISTRATE JUDGE CAROL B. WHITEHURST |

MEMORANDUM IN SUPPORT OF MOTION TO MODIFY JUDGMENT
TO INCLUDE LEGAL INTEREST

MAY IT PLEASE THE COURT:

Rule 59(e) provides: "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of judgment." The instant motion to modify is timely pursuant to FRCP Rule 59(e), as it is filed within 28 days of the January 19, 2024, judgment which was entered on the docket.

Plaintiffs filed their original complaint on February 22, 2021 pursuant the diversity jurisdiction of this court (28 U.S.C. §1332) based on La. Civ. Code art. 2315 and Louisiana tort law. Their personal damage claims arise from the devastating consequences of defendant d'Espalungue's, sexual assault and tortious actions; thus, Louisiana state law applies.

La. R.S. §13:4203 provides, "Legal interest shall attach from date of judicial demand, on all judgments, sounding in damages, 'ex delicto', which may be rendered by any of the courts."[1]

---

[1] Under Louisiana law, the start date for the computation of prejudgment interest depends on whether the damages sound in contact (ex contractu) or in tort (ex delicto). *Amoco Prod. Co. v. Texas Meridian Res. Expl. Inc.*, 180 F.3d 664, 672-73 (5th Cir. 1999); see also *Sharbono v Steve Lang & Sons Loggers*, 696 So. 2d 1382,1388 (La. 1997).

1

"State law governs the award of prejudgment interest in diversity cases." *Meaux Surface Prot., Inc. v. Fogleman*, 607 F.3d 161, 172 (5C, 2010). Determination of whether plaintiff is entitled to prejudgment interest initially depends on whether plaintiff recovers under federal or state law. *Brodtmann v. Duke*, App. 708 So.2d 447, 454-55 (La.App. 4 Cir. 1998), writ denied 717 So.2d 1177 (La. 1998), writ denied 717 So.2d 1178 (La. 1998), cert. denied 525 U.S. 1017, 119 S.Ct. 541 (1998).

Interest from date of demand until paid automatically attaches by operation of law and is mandatory even if not prayed for in the complaint or expressly mentioned in the judgment and runs from date of filing of complaint rather than from date of judgment.[2]

Wherefore, Plaintiffs, Jane Doe, et al, request that the court grant their Motion to Modify the Judgment of January 19, 2024 [Doc. 98] to explicitly provide for legal interest from date of judicial demand until paid in order to eliminate any misunderstanding or future dispute as to the

---

[2] Under this section [La. Rev. Stat. §13:4203], interest in tort action ran from date of filing of complaint rather than from date of judgment. *Terry v. Raymond Intern., Inc.,* 658 F.2d 398, 405-06 (5C, 1981), rehearing denied 667 F.2d 92, cert. denied, 1982, 456 U.S.928, 102 S.Ct. 1975, 72 L.Ed.2d 443. Interest from date of judicial demand is mandated by this section. *Byrd v. Hunt Tool Shipyards, Inc.,* 650 F.2d 44, 48-49 (5C, 1981). Legal interest attaches to all actions ex delicto, even in those where legal interest is not prayed for nor specifically mentioned in a judgment awarding damages. *Camalo v. Courtois,* 280 So.3d 956, 960 (La.App. 3 Cir. 2019), writ denied, 291 So.3d 686 (La. 2020). Legal interest on judgments for damages in tort cases is an operation of law; the interest attaches automatically until the judgment is paid regardless of whether it was prayed for in the petition or mentioned in the judgment. *Beebe v. Larche*, 218 So.3d 1114, 1117 (La.App. 2 Cir. 2017), rehearing denied. An award of legal interest in tort cases is not discretionary with the court since interest attaches automatically until judgment is paid, whether prayed for in the petition or mentioned in the judgment. *Dubois v. Armstrong,* 186 So.3d 305, 318 (La.App. 3 Cir. 2016), writ denied 191 So.3d 1045 (La. 4/22/16).

full extent of lawful damages awarded and the total payment necessary to satisfy the judgment at any particular point in time in the future.

Respectfully submitted,

**DOMENGEAUX, WRIGHT, ROY & EDWARDS, LLC.**
s/ *Elwood C. Stevens, Jr.*
Elwood C. Stevens, Jr. (#12,459)
Jefferson Towers, Suite 500
556 Jefferson Street
Lafayette, LA 70501
T: (337) 233-3033
F: (337) 232-8213
Email: elwoods@wrightroy.com

**MILDRED E. METHVIN, LLC**
s/ *Mildred E. Methvin*
Mildred E. Methvin (#14619) T.A.
7414 Sardonyx St.
New Orleans, LA 70124
T: 337-501-1055
F: 888-298-0566
Email: memethvin@gmail.com

**ATTORNEYS FOR PLAINTIFFS**

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of this pleading was sent to the Defendant via email at ed.eda@gmx.com; edouard.dsp@outlook.com; d98891570@gmail.com; and edouarddespalungue@gmail.com.

*/s/ Elwood C. Stevens, Jr.*